**UNITED STATES of America,**
**Appellee,**

v.

**LeRoy GALLOWAY, Sr. and Ernest**
**Galloway, Appellants.**

**No. 10013.**

United States Court of Appeals
Fourth Circuit.

Argued June 24, 1966.

Decided Sept. 14, 1966.

John P. Gardner, Darlington, S. C., for appellants.

Marvin L. Smith, Asst. U. S. Atty. (Terrell L. Glenn, U. S. Atty., on brief), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and LEWIS, District Judge.

PER CURIAM.

Illicit whiskey operations [1] were laid to LeRoy Galloway, Sr., and Ernest Galloway, together with five others, under an indictment in the District Court. After three of them had pleaded guilty, the Galloways and the other two were tried jointly before a jury and convicted.[2] Only the Galloways appeal. In this they attack the verdict as based on an erroneous charge to the jury and as without evidence to support. We affirm.

The theory of the prosecution was that the defendants had acted in concert, some personally executing the unlawful acts, the others aiding, abetting and counselling them, but each of them im-

1. 26 U.S.C. §§ 5601(a) (1), 5602, 5604(a) (1), 5604(a) (4), 5686(a).

2. Guilty verdicts against both appellants were returned on five counts, and also against LeRoy Galloway, Sr. on a separate single count.

mediately participating in directly causing the commission of the offenses named in the several counts.[3]   The objection made by the appellants is that the Court's submission to the jury was on the principles of conspiracy when no conspiracy was alleged in the indictment.   From our study of it, we think the charge was fair, comprehensive and without prejudice to the defendants.   While some of the language was akin to that ordinarily used in the exposition of conspiracy, it was also appropriate here;   it was properly circumscribed to fit the accusations on trial.[4]

■   Moreover, we find the evidence was altogether adequate to prove the guilt of LeRoy Galloway, Sr. and Ernest Galloway.

Affirmed.

3.  18 U.S.C. § 2.

4.  Carpenter v. United States, 264 F.2d 565 (4 Cir. 1959), cert. den. 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548.